IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SAZERAC BRANDS, LLC, a Delaware limited liability company, <br><br> and <br><br> SAZERAC COMPANY, INC., a Louisiana corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JACK DANIEL'S PROPERTIES, INC., a Delaware Corporation <br><br> Defendant. | Civil Action No. 3-15-cv-849-DJH |

**COMPLAINT FOR (1) FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114; (2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a); (3) TRADEMARK INFRINGEMENT UNDER K.R.S. § 365.601; and (4) DECEPTIVE TRADE PRACTICES UNDER K.R.S. § 367.170**

Plaintiffs Sazerac Brands, LLC ("Sazerac Brands") and Sazerac Company, Inc. ("Sazerac") (referred to together as "Plaintiffs") complain and allege against Jack Daniel's Properties, Inc. ("Jack Daniel's" or "Defendant") as follows.

### THE PARTIES

1. Sazerac Brands is a limited liability company organized under the laws of Delaware with its principal place of business in Louisville, Kentucky.

2. Sazerac is a corporation organized under the laws of Delaware with its principal place of business in Metairie, Louisiana.

3. Jack Daniel's is a corporation organized under the laws of Delaware with its principal place of business in San Rafael, California.[1]

---

[1] Defendant is a wholly-owned subsidiary of Brown-Forman International Incorporated, a Kentucky corporation, based in Louisville, Kentucky. On information and belief, Defendant's marketing activities are conducted at and controlled by Brown-Forman International Incorporated.

1.

## JURISDICTION AND VENUE

A.1.a.1.a.i.4. This is an action for federal trademark infringement, false advertising, and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051, et seq. and trademark infringement and deceptive trade practices in violation of Kentucky state law.

A.1.a.1.a.i.5. This court has original jurisdiction over the federal trademark and trade dress infringement and unfair competition claims pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338.

A.1.a.1.a.i.6. Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

A.1.a.1.a.i.7. Venue is proper in the United States District Court for the Western District of Kentucky under 28 U.S.C. § 1391(b) because: (1) Defendant's tortious conduct has occurred in this district; (2) Defendant conducts regular and systematic business in this district; and/or (3) a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

A.1.a.1.a.i.8. This case involves Defendant's willful infringement of Sazerac's trademarks used for its FIREBALL whisky. Sazerac's claims arise out of Defendant's use of the term "FIREBALL" and/or other equally confusingly variants, such as "FIRE-BALL," in connection with GOOGLE® advertising campaigns for its directly competing, alcoholic beverage products sold under the trademark TENNESSEE FIRE.

### Plaintiff's Business and FIREBALL Marks

A.1.a.1.a.i.9. Sazerac is a leading distiller of spirits and the namesake of America's first commercially promoted and sold cocktail – the Sazerac Cocktail. Sazerac produces, bottles, and/or distributes a variety of distilled spirits, including vodkas, whiskeys, tequilas, and liqueurs. In particular, Sazerac produces, bottles and/or distributes numerous types of whiskeys, including American whiskey (whiskey, rye, and other varieties), Scotch whisky, and Canadian whisky (collectively hereinafter, "whiskey").

~~A.1.a.1.a.i.10.~~ Sazerac has produced, marketed, and distributed whisky in interstate commerce under the FIREBALL mark since at least as early as September 1988.

~~A.1.a.1.a.i.11.~~ Sazerac's FIREBALL product, a cinnamon-flavored whisky, is extremely well-known among adult consumers of alcoholic beverage products, and, is popular in bars, restaurants, and retail locations across the United States and around the world. FIREBALL is primarily promoted and consumed as a "shot" type drink, but is also frequently enjoyed over ice and in creative cocktail recipes. *Bloomberg Business* referred to FIREBALL as "one of the most successful liquor brands in decades," with sales exceeding $61 million in 2013. **Exhibit A**. Sazerac's success with its FIREBALL whisky is based, in part, by its reputation for high quality and its distinctive flavor, evidenced by a number of awards, including as the recipient of eight separate medals in internationally renowned competitions like the San Francisco World Spirits Competition and the Los Angeles Wine & Spirits Competition. Further evidence of the product's popularity is found in the frequent references to FIREBALL whisky in popular culture. Musical artist Pitbull, who is followed by over 60 million fans on Facebook alone, in 2014 released a song entitled "Fireball," which is a specific reference to the beverage. FIREBALL whisky has also been referenced by other popular artists such as Florida Georgia Line and Chase Rice. Outside of music, in August 2015, supermodel Heidi Klum and late-night TV host Jimmy Fallon famously drank shots of Fireball on NBC's *The Tonight Show*, which was later described in similarly famous and popular outlets like *GQ*, *The Daily Mail*, and *Wired*, among others.

~~A.1.a.1.a.i.12.~~ Sazerac's FIREBALL whisky is targeted to adult purchasers and adult consumers of alcoholic beverage products.

~~A.1.a.1.a.i.13.~~ Sazerac distributes its FIREBALL whisky nationwide.

~~A.1.a.1.a.i.14.~~ Sazerac Brands owns the following federal trademark registrations and application for marks featuring "FIREBALL" (collectively, the "FIREBALL Marks"):

- FIREBALL, U.S. Reg. No. 2,852,432, issued June 15, 2004, for "liqueurs";
- FIREBALL, U.S. Reg. No. 3,550,110, issued December 23, 2008, for "whisky,";
- FIREBALL and Design, U.S. Reg. No. 3,734,227, issued January 5, 2010 for "whiskey";

- DR. MCGILLICUDDY'S FIREBALL, U.S. Reg. No. 2,997,888, issued September 20, 2005 for "whiskey-based liqueurs"; and,

- FIREBALL SWEET BURN, U.S. Serial No. 85/929,905, filed May 13, 2013, for "distilled spirits."

True and correct copies of these trademark registrations and this application are attached hereto as **Exhibit B**. In addition to its federally registered and applied-for marks, Sazerac owns common law rights in its FIREBALL Marks for whisky and related marketing goods.

### Defendant's Use of Confusing Ad Text

15. On information and belief, Defendant develops, produces, bottles, and distributes distilled spirits nationwide.

16. In November 2013, Defendant applied to register the trademark JACK DANIEL'S TENNESSEE FIRE (U.S. Serial No. 86/128,923) for "alcoholic beverages except beers." The product associated with the TENNESSEE FIRE mark is whiskey flavored with cinnamon liqueur that competes directly with FIREBALL whisky. From the inception of Tennessee Fire whiskey, consumers and critics alike have drawn comparisons between the two products due to their similar flavor profiles for an identical spirit. *See e.g.*, **Exhibit C**.

17. On information and belief, in or around October 2015, Defendant placed ads using Google's ADWORDS® system including the term "FIREBALL" in the copy and/or header, as well as purchased the keywords and variants thereof for "FIREBALL" so that consumers searching for Sazerac's FIREBALL product would instead encounter advertisements for TENNESSEE FIRE as the first search result. True and correct copies of representative examples of these advertisements are attached hereto as **Exhibit D**. The advertisements vary slightly, but each contains at least one reference to "FIREBALL," or the nearly identical "FIRE-BALL", including text such as: "FIREBALL - jackdaniels.com" in the header and "Kick Off The Night With A Fire-Ball With New Jack Daniels Whiskey" in the advertisement text. *Id*.

A.1.a.1.a.i.18. Plaintiffs' use and registration of its FIREBALL Marks long predates Defendant's use of the FIREBALL term and any confusingly similar variants in advertising or for any other purpose.

A.1.a.1.a.i.19. On information and belief, Defendant adopted the confusing use of the "FIREBALL" term to exploit and trade on the longstanding goodwill, reputation, and success of Sazerac's FIREBALL product and to create a likelihood of consumer confusion in the marketplace. It is readily apparent that Defendant deliberately chose to purchase "Fireball" as a Google AdWord and include either "Fireball" or "Fire-Ball" in the text and headers of its ads triggered by searches for "Fireball" in order to create a false association with or subversively divert consumers away from Sazerac's FIREBALL brand.

A.1.a.1.a.i.20. On information and belief, Defendant has purchased these advertisements for TENNESSEE FIRE so that they are visible to consumers throughout the United States, including in Kentucky.

A.1.a.1.a.i.21. Sazerac's FIREBALL product and Defendant's TENNESEE FIRE product already compete in identical outlets – for example, wine and liquor stores, bars, restaurants, and online retail sites, all of which may seek to learn about and purchase FIREBALL products on the Internet. On further information and belief, Defendant, like Sazerac, markets its TENNESEE FIRE product to adult consumers and adult purchasers of alcoholic beverage products.

A.1.a.1.a.i.22. On information and belief, Defendant's trademark infringement is willful.

A.1.a.1.a.i.23. Defendant had constructive knowledge of Sazerac Brands' FIREBALL Marks based on Sazerac Brands' federal registrations and application (*see* **Exhibit B**) and, on information and belief, Defendant had actual knowledge of Sazerac's whiskey and alcoholic beverage products sold under the FIREBALL Marks at the time Defendant introduced the infringing advertisements for its TENNESEE FIRE product.

A.1.a.1.a.i.24. Defendant had actual knowledge of the FIREBALL Marks when counsel for Sazerac sent a cease and desist letter to Defendant on October 15, 2015. A true and correct

copy of the letter from Peter J. Willsey, Counsel for Sazerac, to Defendant, is attached hereto as **Exhibit E.**

## CLAIMS AND CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

~~A.1.a.1.a.i.25.~~ Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 24 of this Complaint as if fully set forth here.

~~A.1.a.1.a.i.26.~~ As set forth above, Sazerac Brands is the owner of U.S. trademark Registration Nos. 2,852,432; 3,550,110; 3,734,227; and 2,997,888 and U.S. trademark Serial No. 85/929,905.

~~A.1.a.1.a.i.27.~~ Defendant is not authorized to use Sazerac Brands' registered marks or any mark confusingly similar or that in any way represents or implies that Defendant's goods are in any way associated with Plaintiffs.

~~A.1.a.1.a.i.28.~~ Defendant's use of the FIREBALL term and other confusingly similar variants in advertisements for its own directly competing product is likely to confuse consumers into believing that the goods offered by Defendant originate from, are authorized by, or are somehow affiliated with Sazerac, or that they are following advertisements to purchase genuine FIREBALL goods from Sazerac.

~~A.1.a.1.a.i.29.~~ Defendant intentionally and knowingly infringes Plaintiffs' trademark rights.

~~A.1.a.1.a.i.30.~~ Upon information and belief, Defendant's infringing activities are likely to cause damage to Sazerac's hard-earned reputation and goodwill, and to divert sales and opportunities away from Sazerac to Defendant.

~~A.1.a.1.a.i.31.~~ Defendant is therefore infringing Sazerac's rights in violation of 15 U.S.C. § 1114 and has caused irreparable harm to Sazerac by the infringement and Sazerac has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

~~A.1.a.1.a.i.32.~~ Plaintiffs re-allege and incorporate herein by this reference paragraphs 1 through 31 of this Complaint as if fully set forth here.

~~A.1.a.1.a.i.33.~~ Sazerac has been using one or more of its FIREBALL Marks on and in connection with whisky in interstate commerce since 1988 and has developed substantial goodwill in these marks and in Sazerac's common law territory throughout the entire United States prior to Defendant's adoption and use of the FIREBALL term in its advertisements for the competing TENNESEE FIRE products.

~~A.1.a.1.a.i.34.~~ Defendant's use of the FIREBALL term to promote products in competition against Sazerac is likely to cause mistake, and/or to deceive as to an affiliation, connection, or association of Defendant with Sazerac, and/or as to the origin, sponsorship, and/or approval by Sazerac of Defendant's goods or commercial activities related to Defendant's competing whiskey product.

~~A.1.a.1.a.i.35.~~ Defendant is therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused Sazerac irreparable harm by the infringement and Sazerac has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### TRADEMARK INFRINGEMENT UNDER K.R.S. § 365.601

~~A.1.a.1.a.i.36.~~ Plaintiffs re-allege and incorporate herein by this reference paragraphs 1 through 35 of this Complaint as if fully set forth here.

~~A.1.a.1.a.i.37.~~ Sazerac owns common law trademark rights in its FIREBALL Marks and all such rights owned by Sazerac are superior to any rights that the Defendant may claim to have in the FIREBALL term.

38. Defendant's unauthorized use of the FIREBALL Marks and/or confusingly similar variations thereof in connection with the sale of alcoholic beverage products is likely to cause confusion as to the source or sponsorship of these goods, and likely to lead the public to believe that Sazerac is affiliated with or sponsors or endorses Defendant and/or Defendant's products, and is likely to mislead persons in the ordinary course of purchasing Defendant's goods and induce them to believe they are purchasing genuine goods of Sazerac, thereby injuring the reputation and goodwill and unjustly diverting from Sazerac to Defendant the benefits arising therefrom, all in violation of K.R.S. § 365.601.

39. Defendant's acts of trademark infringement are continuing to be committed willfully, knowingly, intentionally, and in bad faith.

40. Defendant's acts of trademark infringement will continue to cause Sazerac irreparable damage, loss, and injury for which Sazerac has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

## DECEPTIVE TRADE PRACTICES UNDER K.R.S. § 367.170

41. Sazerac re-alleges and incorporates herein by this reference paragraphs 1 through 40 of this Complaint as if fully set forth here.

42. By the acts described herein, Defendant has engaged in unlawful and unfair business practices that have injured and will continue to injure Sazerac's business and property in violation of K.R.S. § 367.170.

43. Defendant's acts alleged herein have caused monetary damages to Sazerac in an amount to be proven at trial.

44. Defendant's acts have caused, and will continue to cause, irreparable injury to Sazerac and its business, reputation, and trademarks, unless and until Defendant is permanently enjoined.

45. As a direct and proximate result of Defendant's conduct alleged herein, Defendant has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

## PRAYER FOR RELIEF

Plaintiffs pray for the following:

A.    Defendant, its employees, representatives, and agents be enjoined from using the FIREBALL mark, or any marks, designs or graphics confusingly similar to Sazerac's FIREBALL Marks (including "FIRE-BALL") in conjunction with the marketing, distribution, and sale of distilled spirits and related services;

B.    The Court grant any and all relief to which Plaintiffs may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1051, et seq., including treble damages and Plaintiffs' attorneys' fees;

C.    The Court grant any and all relief to which Sazerac may be entitled pursuant to state law and state common law, including enhanced damages and attorneys' fees;

D.    The costs of this action be taxed against Defendant; and

E.    The Court grant Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand trial to a jury on all issues so triable.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

Date: November 20, 2015

By: /s/ Scott P. Zoppoth

Scott P. Zoppoth (KY Bar No. 83905)
THE ZOPPOTH LAW FIRM
601 West Main Street, Suite 500
Louisville, KY 40202
spz@zoplaw.com
Tel: (502) 568-8884
Fax: (502) 568-1319


Peter J. Willsey (*Pro Hac Vice* to be filed)
Vincent J. Badolato (*Pro Hac Vice* to be filed)
COOLEY LLP
1299 Pennsylvania Ave., NW Suite 700
Washington, D.C. 20004-2446
pwillsey@cooley.com
vbadolato@cooley.com
Telephone: (202) 842-7800
Fax: (202) 842-7899


Thomas M. Hadid (*Pro Hac Vice* to be filed)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
thadid@cooley.com
Telephone: (650) 843-5000
Fax: (650) 849-7400


Attorneys For Plaintiffs,
SAZERAC BRANDS, LLC & SAZERAC COMPANY, INC.